IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kevin J. Ford, ) | Case No. 8:23-cv-04892-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| State of South Carolina, Oconee ) | |
| County Sheriff's Department, MPD ) | |
| L Underwood, Oconee County ) | |
| Detention Center, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff's pro se Complaint.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").  On November 7, 2023, the Magistrate Judge directed Plaintiff to provide certain documents to bring this case into proper form for further evaluation and possible service of process.  ECF Nos. 12, 14.  Plaintiff failed to respond to the order.[1]

On December 4, 2023, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)

---

[1] The Court notes that these orders were returned as undeliverable.  After Plaintiff provided a notice of change of address, the Court directed that all documents filed by the Court up to that date be remailed to Plaintiff and a new deadline for response was set. ECF No. 23.  Plaintiff has not responded to any of the Magistrate Judge's orders.

for failure to prosecute and failure to comply with an order of the court. ECF No. 19. The Magistrate Judge further notes that this action would be subject to summary dismissal. The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff did not file objections to the Report, and the time to do so has lapsed.[2]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[2] As noted above, the Court directed that all documents filed before Plaintiff's notice of change of address be resent to his new address, including the Report. A copy of the Report was returned as undeliverable; however, it appears that it was the first copy. There is no indication that Plaintiff did not receive the remailed copy of the Report or the text order extending the time to file objections.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge.  Accordingly, this action is dismissed without prejudice, without leave to amend, and without issuance of service of process pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 25, 2024
Spartanburg, South Carolina